## WIDENER ET AL. *v.* THE STATE, EX REL. SUMNER ET AL.

PRACTICE.—*Demurrer.*—When the general denial and a special paragraph of answer are filed, it is not error to sustain a demurrer to the special paragraph when the matters pleaded therein can be given in evidence under the general denial.

JUSTICE OF THE PEACE.—*Sureties.*—Where a justice of the peace receives a note for collection, in his official capacity, and collects the same, and appropriates the proceeds to his own use, the sureties on his official bond are liable therefor to the party injured.

NEW TRIAL.—*Demurrer.*—Error in ruling upon a demurrer is not a ground for a new trial.

From the Montgomery Common Pleas.

*J. M. Cowan* and *M. D. White*, for appellants.

*P. S. Kennedy* and *W. T. Brush*, for appellees.

Widener *et al. v.* The State, *ex rel.* Sumner *et al.*

DOWNEY, C. J.—This was an action against the sureties of a justice of the peace, the justice being dead. It was alleged that the relators placed in the hands of the justice, in his official capacity, a note, for collection; that he had received the money, and had failed to pay the same over, etc. A demurrer to the complaint was filed by the defendants, and overruled by the court. This is the first alleged error.

Counsel for the appellants do not point out any defect in the complaint, and we fail to see any.

The defendants answered in two paragraphs. The first was a general denial, and the second was intended to controvert the fact that the note was received and collected by the justice of the peace in his official capacity.

A demurrer filed by the plaintiff to the second paragraph of the answer was sustained by the court; and this is the second alleged error.

The complaint alleged, as it was necessary that it should do, that the money was received by the justice of the peace in his official capacity. The general denial put this part of the complaint in issue, and there was no necessity for further pleading on that subject. The defendants cannot complain of this action of the court.

The cause was tried on the issue formed by the general denial, and there was a finding for the plaintiffs, a motion for a new trial overruled, and judgment rendered for the plaintiffs. The next and only other alleged error is the overruling of the motion for a new trial. The grounds of the motion for a new trial were:

1. That the finding of the court was not sustained by sufficient evidence, and was contrary to law; and,

2. The overruling of the demurrer to the complaint, and the sustaining of the demurrer to the second paragraph of the answer.

The evidence showed that the note was received by the justice of the peace in his official capacity, and that it was collected by him without process or judgment. In our

opinion, the evidence was sufficient. Counsel discuss the question as to excessive damages; but this question was not made in the motion for a new trial, and is not, therefore, in the record. The action of the court on the demurrers is not ground for a new trial, and has already been spoken of.

The judgment is affirmed, with five per cent. damages and costs.