THE PITTSBURGH, CINCINNATI, AND ST. LOUIS RAILROAD COMPANY v. VAN HOUTEN.

CARRIER.—*Railroad.*—*Passenger.*—*Ejection of.*—Where all the seats in one of two passenger cars are already filled with passengers, another passenger has no right to demand a seat in that particular car, and to refuse to pay his fare or deliver his ticket unless furnished a seat in such car; and if he refuses, under such circumstances, to deliver his ticket or pay his fare, the persons in charge of the train may rightfully eject him therefrom.

SAME.—*Violence to Conductor.*—When a passenger, because not furnished a seat in a railroad car already filled with passengers abused the conductor in a violent manner and with profane language, and struck said conductor in a violent and angry manner, without any excuse whatever, and on account of such misconduct, and his refusal to pay his fare or deliver his ticket, the passenger was ejected from the train;

*Held,* that such ejection was justifiable.

CERTIORARI.—It is contrary to the practice of the Supreme Court to grant a writ of *certiorari* to amend the record after the case has been decided.

DEMURRER.—A judgment will not be reversed because a demurrer has been sustained to a good answer or reply when the general denial is also filed, and the matters alleged in the special pleading are admissible under such denial; but the rule is otherwise where a demurrer has been overruled to an insufficient reply, although a general denial may also be pleaded to the answer.

From the Carroll Circuit Court.

*N. O. Ross,* for appellant.

*D. P. Baldwin* and *T. S. Rollins,* for appellee.

DOWNEY, J.—This was an action by the appellee against

The Pittsburgh, etc., R. R. Co. v. Van Houten.

the appellant, to recover damages for being wrongfully put off a train of cars running on the road of said company. The complaint is in two paragraphs. In the first it is alleged, in substance, that on the ——day of November, 1872, at Logansport, the plaintiff bought a ticket which entitled him to a seat in the cars from Logansport to Kokomo; that there were three cars in the train, one of which was the smoking car, in which he could not ride on account of ill health; that he went into the rear car, after the train started, and presented his ticket to the conductor and demanded a seat; that the conductor refused to find him a seat, and wrongfully and without sufficient cause stopped the train, and with the aid of three others of defendant's servants forcibly ejected the plaintiff from the car, and kicked, bruised, beat, and wounded the plaintiff, and threw him on the ground, greatly injuring him in his body and mind, and threw his coat and valise into the ditch; all of which acts took place in the presence of a large number of people; that the defendant's servants used insulting words, and swore at the plaintiff; that by reason of his injuries he was hindered and delayed in his business for ten days, to his damage five hundred dollars, and paid out for medical services one hundred dollars; that this occurred about three miles from Logansport, and he was obliged to walk back to Logansport and carry his valise, which, in his wounded condition, greatly aggravated his injuries; wherefore, etc.

In the second paragraph, it is alleged that the plaintiff purchased the ticket on the 23d day of October, 1872; that the place where he was put off was not a regular stopping place; that when he was ejected he had his ticket, and was ready to deliver the same to the defendant upon demand, but the defendant did not receive or demand the same; that the plaintiff by reason of the premises was entitled to ride on said train and upon said car, etc.; that by reason of his injuries he was laid up for twenty days. In other respects, the second paragraph is substantially the same as the first.

The defendant answered: 1. A general denial; and,

2. For further answer to the first paragraph of the complaint, that, at, etc., her train of cars for the transportation of passengers between the points in the complaint mentioned consisted of two first class passenger coaches, a baggage car, and locomotive, both of which coaches were alike comfortable and convenient for the transportation of passengers; that the plaintiff, at the time of starting from Logansport, entered the rear car, all the seats of which were then occupied by passengers, and remained in said car standing until the conductor of said train, etc., demanded of the plaintiff his fare, which he refused to pay unless the said conductor would furnish him a seat in said rear coach; that said conductor then informed him that all the seats in that coach were occupied, and offered to furnish him a seat in the forward coach, which he refused to accept, and refused to deliver up to the conductor his ticket for his fare, which he alleged he had, and persisted in refusing to pay his fare, though often requested so to do, and abused said conductor in a violent manner and with profane language, and struck said conductor in a very angry manner, without any excuse whatever, and thereupon the defendant, on account of the aforesaid conduct of the plaintiff and his refusal to pay his fare or deliver up his ticket, by her servants, mildly laid hands upon the plaintiff and put him off said train, using only so much force as was necessary for that purpose, as of right she might.

The defendant further answered to the second paragraph of the complaint, that the plaintiff refused to deliver up to the conductor, etc., his ticket or to pay his fare, but in a violent manner, struck, beat, and wounded the conductor, without cause or provocation; and that the defendant, by her servants and on account of said conduct of the plaintiff and his refusal to pay his fare, stopped the train and put him off the same, using no more force than was necessary; that when said train started the plaintiff, without any permission so to do, got upon the rear end of the rear car, and when the train stopped at the next station the defendant, by her servants, demanded of him his ticket or his fare, and he again refused to deliver up

his ticket or to pay fare; and thereupon the defendant, by her servants, again ejected him from said train, using no more force than was necessary for that purpose, which last ejection constitutes the grievance complained of in the second paragraph of the complaint, and which ejection the defendant claims she was justifiable in making by the plaintiff's conduct, as set out in the first part of this paragraph of answer.

The plaintiff replied :   1. A general denial.

2. As to the second paragraph of the answer, that the first car therein mentioned was a smoking car, and was, at the time, full of smoke and smokers; that the plaintiff could not ride therein without being made sick by the tobacco and filth; that the rear car was the only clean and healthy car provided by the defendant for passengers; wherefore he says he was not bound to obey the conductor's request, but was entitled to a seat in the rear car, which the conductor wholly failed to furnish him.

To the second paragraph of the reply, there was a demurrer filed by the defendant, on the ground that the same did not state facts sufficient to constitute a reply, etc.   This demurrer was overruled by the court.

A trial by jury resulted in a verdict for the plaintiff, assessing his damages at two thousand dollars.

A motion by the defendant for a new trial was overruled, and judgment rendered for the plaintiff for the amount of the verdict.

Two errors are alleged :

1. The overruling of the demurrer to the second paragraph of the reply.

2. The refusal to grant a new trial.

It will be observed, that in the first paragraph of the complaint the plaintiff charges " that there were three cars in the train; one of which was the smoking car, in which he could not ride on account of ill health;" that he went into the rear car and presented his ticket to the conductor, and demanded a seat; and that the conductor refused to find him a seat and put him off the train.

It does not appear from the first paragraph of the complaint that the plaintiff demanded a seat in any particular car in the train. It appears that he could not ride in the smoking car. According to this paragraph, there were yet two other cars in the train, in which the conductor might have found a seat for the plaintiff, so far as anything is made to appear.

The second paragraph of the answer to the first paragraph of the complaint alleges that there were two first class passenger coaches, a baggage car, and locomotive, in the train; that the passenger coaches were alike comfortable and convenient; that all the seats in the rear car were occupied by passengers; that the plaintiff demanded a seat in that car before he would surrender his ticket or pay his fare; that the conductor offered him a seat in the forward car, which he refused to accept, and, persisting in his demand to ride in the rear car and his refusal to give up his ticket or pay his fare, he was put off.

In the second paragraph of the reply to this answer, the plaintiff alleges that the first named car was the smoking car, and was at the time full of smoke and smokers; that the plaintiff could not ride therein without being made sick by the tobacco and filth, and that the rear car was the only clean and healthy car provided, etc. This paragraph of the reply does not controvert the fact alleged in the second paragraph of the answer, that all the seats in the rear car were occupied by passengers. If this was true, and for the purpose of deciding the question on demurrer it must be so regarded, the conductor could not furnish him a seat in the rear car, and his demand that he should be furnished with a seat in that car was unreasonable, and need not have been complied with by the conductor.

It is also alleged in the second paragraph of the answer, not only that the plaintiff insisted upon a seat in the rear car and refused to surrender up his ticket or pay his fare without being furnished such seat, but it is also alleged that he "abused the conductor in a violent manner and with profane language, and struck said conductor in a very angry manner, without any

The Pittsburgh, etc., R. R. Co. *v.* Van Houten.

excuse whatever;" and that "on account of the aforesaid conduct of the plaintiff and his refusal to pay his fare or deliver up his ticket," he was put off the car. The reply does not controvert this part of the second paragraph of the answer.

What is said in the second paragraph of the reply about "tobacco and filth" is an attempt to introduce into the case a new element, which was not mentioned in the complaint.

For these reasons, we are of the opinion, that the second paragraph of the reply was not good.

As the judgment must be reversed on account of this erroneous ruling, which will result in a new trial, we do not deem it necessary to consider the second alleged error.

The judgment is reversed, with costs, and the cause remanded for further proceedings.

## On Petition for a Rehearing.

DOWNEY, J.—In disposing of a petition for a rehearing in this case, we depart from the usual practice by writing what we now have to say.

Counsel for appellee suppose that the case turned upon the point whether there were three or only two passenger cars in the train, and therefore have made an application for a *certiorari,* to bring up a correct copy of the complaint, alleging that by the original complaint it will appear that the allegation in the first paragraph was, that there were only two cars. Conceding the fact to be true, and we are satisfied that it is true, still we think it is clear that the case did not, and does not, turn upon that point.

The remark in the opinion concerning the number of cars in the train, as alleged in the first paragraph of the complaint, was only incidental.

There were but two errors assigned, and but one of them considered. That one was the one alleging that the court committed an error in overruling the demurrer of the defendant to the second paragraph of the reply.

The second paragraph of the answer alleges that the train

consisted of two first class passenger coaches, a baggage car, and locomotive. The question which we considered and decided, and the only question, was, whether the allegations of the second paragraph of the reply sufficiently met the second paragraph of the answer. The ground on which we held the second paragraph of the reply bad had no reference whatever to the number of passenger cars in the train, as alleged in the complaint. But the ground was, that that paragraph of the reply did not meet, either by denial or by avoidance, the material allegations of the paragraph of the answer. Hence the application for a *certiorari* need not be granted.

It is, moreover, contrary to the practice of this court to grant a writ of *certiorari*, to amend the record, after the case has been decided. *Warner* v. *Campbell*, 39 Ind. 409.

Counsel urge, in the petition for a rehearing, that all the matters stated in the second paragraph of the reply were admissible under the first paragraph, which was a general denial, and therefore insist that there was no error in overruling the demurrer to the second paragraph. But counsel seek to apply a wrong rule. The rule is applicable when a demurrer has been sustained to a pleading, and the same matter is admissible under another pleading which remains. The case selected by counsel, as one of many which support this position, shows this: *Fankboner* v. *Fankboner*, 20 Ind. 62. The court, in that case, say: "We shall not inquire critically whether the paragraphs to which the demurrer was sustained were good or otherwise, for the reason that the matters set up in them as a defence, if valid for that purpose, could properly have been, and were, in point of fact, given in evidence under the first and fourth paragraphs." See, also, the cases cited in 1 Abbott Ind. Dig. 62, sec. 470.

Counsel refer to the late case of *Widener* v. *The State*, 45 Ind. 244, to support them, but it, like the others, is a case where the demurrer was sustained.

They also refer to *Speer* v. *Speer*, 7 Ind. 178, to show that the rule is applicable where the demurrer has been overruled. The demurrer in that case also was sustained.

Counsel also insist that the second paragraph of the reply was only a denial and, to that extent, a repetition of the general denial. We think it cannot be sustained on this ground. The allegations of the reply which we have set out in the opinion are a sufficient answer to this position.

It is urged that we should overlook this error in overruling the demurrer to the second paragraph of the reply, because, it is claimed, the case appears to have been properly tried, and a correct result reached. We are unable to see that the case was not decided, in favor of the plaintiff, upon the ground that he had proved the allegations of the reply in question. See *Peery* v. *The Greensburgh, etc., Co.*, 43 Ind. 321, and cases cited, and *Hawley* v. *Smith*, 45 Ind. 183.

In this condition of the record, the appellant has a right to a reversal, for the error first assigned.

The petition is overruled.