The opinion of the court was delivered by
Horton, G. J.:
*86 1 Gross negugence; rule.'. *85 Several objections are made by the plaintiff to the rulings of the court in rejecting evidence offered at the trial, and several exceptions are taken to the refusal of the court to give the special instructions asked for by plaintiff, as also to several of the instructions given "to the jury. In view of the character of the special findings of fact returned by the jury, it is unnecessary to note only those matters of evidence and those instructions that affect the conduct of plaintiff’s wife. The jury found that the wife was chargeable with gross negligence in crossing the railway company’s bridge; and unless this, or the other similar findings of the jury, can be imputed to erroneous rulings of the court, no new trial ought to be granted, as the plaintiff upon such a finding is not entitled to any recovery. Even if we assume that the court erred in refusing to instruct the jury that it was gross and wanton neg *86 ligenee on the part of the defendant to run its cars at a greater speed than four miles an hour within the limits of the city of Wyandotte, in violation of an ordinance of the city prohibiting a greater speed, nevertheless, plaintiff could not be prejudiced thereby, because, if both Emma Mason and the agents and the servants of the defendant were guilty of gross negligence, contributing to the injuries complained of, the defendant would be entitled to the general verdict rendered in its favor by the jury, as it is a correct legal proposition, that when both parties are guilty of gross negligence, ag & general rule — Hable, it may be, to some exceptions— the plaintiff cannot recover. In this case, although the action is in the name of the husband, yet if the wife was guilty of gross negligence, the husband would not be entitled to damages for her injury.
*87 „ „ , 2. Foot passenfridge^eviN dence. *86 Plaintiff complains that the court erred in ruling out evidence concerning the custom of foot passengers crossing the bridge over Jersey creek, where his wife was .injured, after two witnesses had testified thereto without objection. Unless the evidence was competent, the admission of like evidence in the first instance is no bar to the exclusion of other and further evidence of that character. Because some incompetent evidence is admitted without objection, other incompetent evidence is not thereby competent, if offered to prove the same fact. It appears from the record that the plaintiff,'about the time she received her inj uries, was going to her home. Instead of going upon Third street in the city, which was graded and sidewalked, she attempted to reach her. home by a nearer route. In taking this course, it was necessary to cross Jersey creek, a few rods above where it empties into the Missouri river. The only way of crossing this stream at this place was by climbing upon the embankment of defendant’s railway and passing from this upon the trestlework of the road over Jersey creek, by stepping from tie to tie. This the wife attempted to do. At the place where the trestle is located, the streets, as laid out on the plat of Wyandotte city, are unused for general travel, and at such place the streets have *87 not been graded or improved. The bridge over the creek is iron, and has a span of over one hundred feet. It is thirty-feet from the top of the trestle to the water in the creek, and the water under the trestle is from three to six feet deep. The embankment at the south end of the bridge is four or five feet at the fill and fifteen feet at the creek, and on the north side eight to ten feet at the fill and twenty feet at the creek. Jersey creek is about sixty feet wide at the bridge, and the banks on each side are perpendicular and from fifteen to twenty feet high. There are no railings to the bridge, and ( no foot-planks to walk upon. Considering the character of the structure erected, and the use to which it is applied by the defendant, we do not think there was any error 7 ^ J in refusing to admit further evidence concerning f00t passengers crossing it. It cannot be well said that such trestlework and bridge, as constructed, were either in law or injaetaqpublic-street. As there was no attem pt to show that either the injured party or any other person was invited by the company to cross or travel upon the structure over the creek, or that the injured party was upon the structure with the consent of the company, the fact that other parties had crossed upon it did not make it less dangerous or less negligent for the wife of the plaintiff to attempt to do so. This is not a case where the legal right of the railway i company and that of the public to use such trestlework/ are about equal. The embankment and trestlework are so much elevated above the street, and are so erected for the purpose of operating thereon cars and engines only, as to apparently forbid foot passengers crossing the creek at this place; therefore, we do not think that the railway company was bound to operate its cars with reference to footmen undertaking the peril of attempting to step from tie to tie in crossing the long span over the stream, especially in view of the frequent running of the cars on the track of such trestle-work. Counsel for plaintiff contends that, as the bridge lay wholly within two of the streets of the city of Wyandotte, called Front street and Wa-Was street, which cross each *88 other at the point where the bridge crosses the creek, and as a street belongs to the public from the center of the earth to. the heavens above, persons had the right to climb up the embankment, and to use the trestlework as a public street of the city. Not so. The embankment' and trestlework were the property of the railway company. They were used for the purposes of the company in operating its cars and trains, and so built and constructed as to render any travel thereon perilous, even without the operation of cars upon the track. Whether the authorities consented to the construction of such embankment and trestlework, is immaterial at this time. The railway company was in full occupation, of it, and the public had no right to cross over such a dangerous structure, and, knowing it to be unsafe for travel, to claim exemption from all negligence on their part, and charge the railway company with the fruits of their own imprudence.
*89 . sonaMojury1 2;" íemedy. *88 This leads us to the consideration of the instruction given by the court, to the effect that if the plaintiff's wife was injured at a point not on the surface of a public highway or traveled street, but upon the trestle or embankment of the defendant's road-bed, then she had no right to be there, and was a trespasser, and if injured while trespassing by the act or negligence of the defendant’s employés, before the defendant could be held legally responsible for such negligence of its employés, the negligence must be so gross as to amount to wantonness. Whenever a party infringes upon the rights of others, this negligence, or this wrong-doing, as the case may be, absolves others from using ordinary care and diligence toward such party. In brief, they are under no legal or moral obligation to be cautious and circumspect towards one who infringes upon their rights. (U. P. Rly. Co. v. Rollins, 5 Kas. 167.) A railway company has the exclusive right to occupy, use and enjoy its railway tracks, bridges and trestle-work, and such exclusive right is absolutely necessary to enable such a company to properly perform its duties, and any person going upon, or using, or occupying the track or bridge of a railway company without the consent of the com *89 pany, is held in law to be there wrongfully, and therefore to be a trespasser. Now, as the point where the plaintiff's wife was injured was not on the surface of a public highway or traveled street, but upon the trestlework or embankment of the defendant’s road-bed, for all the purposes of this case the railway company had the exclusive right to occupy, use and enjoy such trestlework and embankment; therefore, the instruction that the railway company was liable only for such negligence so gross as to amount to wantonuess, was a correct declaration of the law to the jury. The plaintiff’s wife climbed the embankment, and attempted to cross the trestlework or bridge without the consent of the company, and at her own peril; and the husband can recover only for injuries done to her, for s.uch negligence of the employés of the company as was so gross as to amount to wantonness.
The judgment of the district court will be affirmed.
All the Justices concurring.