[No. 12804.   Department Two. — September 10, 1890.]

## JULIUS PAULSEN, APPELLANT, *v.* GEORGE SCHULTZ ET AL., RESPONDENTS.

ASSUMPSIT — SALARY OF BOOK-KEEPER — REDUCTION — OFFSET FOR SALARY OVERDRAWN — VERDICT CONTRARY TO EVIDENCE. — In an action by a book-keeper to recover for services rendered for the defendants as partners, where the defendants claimed an offset for salary overdrawn by the book-keeper, which was allowed by the jury, the verdict will be set aside, as not sustained by the evidence, where the evidence shows without conflict that the plaintiff worked for defendants for a number of years for an agreed salary of $150 per month, and that while defendants may have contemplated reducing his salary to $100 per month, which would make the difference claimed for overdrawn salary, and which constituted the basis of that claim, no such reduction was in fact made or intimated to plaintiff, and that when he left their service he submitted a statement showing his claim of wages at the rate of $150 per month, and the balance remaining due as claimed in the complaint, which was pronounced correct by one of the defendants, and the right to payment not disputed by the other defendant when the claim was referred to him for payment.

ID. — EVIDENCE — EMBARRASSED CONDITION OF BUSINESS. — In such case evidence of the amount of sales, and the embarrassed condition of the business of defendants during the last three or four months plaintiff was employed by them, is inadmissible, in the absence of some evidence tending to show an agreement between the parties for a reduction of the salary.

ID. — INSTRUCTION CONTRARY TO EVIDENCE — ACCOUNT STATED. — An instruction to the jury that the evidence was conflicting as to whether the defendants objected to the statement of the plaintiff's account with them, which he submitted to them at the time he left their employment, is erroneous, where the evidence shows, without conflict, that the plaintiff's statement of his account was presented to one of the defendants, who

pronounced it correct, and referred it to his partner, the other defendant, to pay the money due upon it, the latter simply saying, when the account was presented to him for payment, that he had no money to pay it with. The accuracy of the items of the account is established *prima facie* by such evidence, and it has the effect of an account stated.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Ben. T. Rawlins,* and *T. M. Osmont,* for Appellant.

*T. C. Van Ness,* and *Haggin, Van Ness & Dibble,* for Respondents.

THORNTON, J.— Plaintiff brought this action to recover for services rendered to the defendants as copartners, under the style of Schultz and Von Bargen, upon three separate causes of action. The first was for $393.45, for services rendered by himself to the defendants; and the other two were for $160, respectively, for services rendered to the defendants by one Frudenberg and one Knell, which demands they respectively assigned to the plaintiff. The defendants, in their answer, denied that they were indebted to plaintiff for services rendered by him personally to any greater extent than $76.45, and averred that between January 1, 1884, and April 18, 1885, the plaintiff had, while employed by them at the rate of $100 a month as a book-keeper, overdrawn the sum of $780, which should be allowed them as an offset to his claim. A verdict for $76.45, in favor of plaintiff, was rendered, and a judgment thereon entered.

Plaintiff, being dissatisfied with the judgment, appeals therefrom, and also from an order denying him a new trial, for the reasons that the evidence is insufficient to sustain the verdict, and that certain prejudicial errors of law were committed.

At the trial it was conceded that the amounts plaintiff

sued for, as assignee, were due; and that the only issue in the case was as to whether the salary of the plaintiff, as book-keeper for the defendants, had been reduced from $150 per month to $100 per month, and if so reduced, when the reduction was made.

The evidence shows, without conflict, that the plaintiff worked for the defendants for a number of years as book-keeper, for an agreed salary of $150 per month, and that while the defendants may have contemplated reducing it to the sum of $100 per month, on and from January 1, 1884, to April 18, 1885, which would make a difference to the extent of the amount they claim he overdrew his salary, no such reduction was in fact made, or intimation of it given to the plaintiff. When he left their service and submitted a statement of his account to one of the partners, which showed a claim of wages at the rate of $150 per month from January 1, 1885, to April 18th of the same year, with a credit of $146.50, and a balance of $397.45 due him, it was pronounced correct, and when subsequently brought to the attention of the other defendant for payment, was not disputed. There is no evidence that he overdrew his account, but, on the contrary, there is abundant evidence, which must, because not contradicted, be regarded as conclusive, showing that the defendants were indebted to him to the extent of his claim for personal services, from which it resulted that he was entitled to recover it, and also, as assignee, the full amount of the other two demands, which were not disputed. Since this is so, it is apparent that the verdict is not sustained by the evidence.

The court, against the objection of plaintiff that it was irrelevant and incompetent, admitted evidence of the amount of sales and the embarrassed condition of the business of defendants during the last three or four months that plaintiff was employed by them. The evidence that plaintiff had been employed by defendants for a number of years at a salary of $150 per month, and

that during such period the above salary had. been paid
him, was clear, distinct, and uncontradicted.   There is
no evidence that there had ever been any intimation
that this salary would be reduced, made to plaintiff by
defendants.   Under such circumstances, we cannot per-
ceive that the evidence above referred to was relevant to
any issues in the cause.   Such evidence may have shown
that there was a necessity for reducing, or that it was
highly expedient to reduce, the expenses of conducting
the business of defendants, and the plaintiff's salary as
one item of expenses; but in the absence of some evidence
tending to show an agreement between the parties for a
reduction of the salary, we cannot see in what way the
necessity or expediency of reducing the salary would
tend to show that there was a reduction.   The court
erred in admitting the evidence just above mentioned.

Taking the whole charge of the court as to the pre-
sumption that the defendants knew what was contained
in the entries in their books, we cannot say that the
court erred.

The only error we discover in the charge to the jury
is, where the jury were told that the evidence was con-
flicting as to whether defendants objected to the state-
ment of the plaintiff's account with them, which he
submitted to them at the time he left their employment.
The evidence was not conflicting on this point, as already
stated.   The defendant Von Bargen, to whom the state-
ment was first given, said it was correct, and referred it
to his partner, the defendant Schultz, for the money due
upon it.   When it was presented to the latter for this
purpose, all he said was, that he had no money to pay it
with.   Upon this state of facts the accuracy of the items
of the account was established *prima facie,* and it had
the effect of an account stated.

Judgment and order reversed, and cause remanded for
a new trial.

SHARPSTEIN, J., and McFARLAND, J., concurred.