HARRIET A. HENDRYX, *as Administratrix of the Estate of
Willie Hendryx, deceased,* v. THE KANSAS CITY, FORT
SCOTT & GULF RAILROAD COMPANY.

1. CARRIER — *Duty to Trespasser on Train.* Where a person clandes-
tinely enters a box-car on a freight train of a railroad company to
beat his way over the road, he becomes a trespasser on said train,
and the only duty the company owes him is not to wantonly injure
him.
2. DEMURRER TO EVIDENCE, *When No Error to Sustain.* It is not error
to sustain a demurrer to the evidence, in a case against a railroad
company, to recover damages for injuries inflicted by the train, re-
sulting in the death of the person injured, when the evidence fails to
show any negligence on the part of the company which contributes
to the injury.

*Error from Bourbon District Court.*

THE case is stated in the opinion.

*Ware, Biddle & Cory,* for plaintiff in error.
*Wallace Pratt,* and *Chas. W. Blair,* for defendant in error.

Opinion by STRANG, C.: This is an action brought by the
plaintiff to recover damages for injuries received by the plain-

tiff's intestate, through the alleged negligence of the defend-
ant, in operating its train of cars, from the effects of which he
died.    The defendant was, on the 27th day of August, 1886,
running its train of freight cars south, over its line, from
Pleasanton to Fort Scott.    At Pleasanton, the deceased, Wil-
lie Hendryx, went into a box-car of said train, to steal a ride
to Fort Scott.    There was one other person in the car with
him, called in the evidence in this case a "tramp."    At Ham-
mond station, six miles north of Fort Scott, the hind brake-
man of the train closed the doors of the car, while the boy
and his companion were still in the car.    From Hammond
the train ran to the M. K. & T. junction near Fort Scott, where
it stopped a short time, and then pulled up a short distance,
and stopped again.    After pulling up, Willie Hendryx was
found on the track in the rear of the train, seriously injured.
He was taken home to Pleasanton, where, notwithstanding
he was carefully nursed and properly attended by physicians,
he died on the 12th of September, 1886.    The evidence in
the case consisted wholly in an agreed statement, and the dep-
ositions of two witnesses, who also got onto said cars at Pleas-
anton and rode to Fort Scott.    There was no conflict in the
evidence.    Not a single question of fact was contested in the
whole case.    The defendant demurred to the evidence of the
plaintiff, and the court sustained the demurrer, and entered
judgment for the defendant.    Motion for new trial was heard
and overruled.

There is but one question in the case, and that grows out
of the theory of the plaintiff, as to the cause of the death of
the plaintiff's intestate.    The plaintiff claims that when the
brakeman shut the doors of the car at Hammond, the deceased
became alarmed, and in his fright attempted to climb out of
the window in the end of the car to the ground, and in so
doing fell, and was run over and injured.    Plaintiff says the
shutting of the doors of the car by the brakeman, with de-
ceased and his companion in the car, was such an act as ren-
dered the defendant guilty of negligence in connection with
the injury of said Willie Hendryx, and liable in damages there-

for.    The undisputed evidence shows the deceased was a trespasser on the defendant's train.    The only duty, then, that the company owed him was not to wantonly injure him.    (*Toomey v. S. P. Rld. Co.*, 24 Pac. Rep. 1070; *Mason v. Mo. Pac. Rly. Co.*, 27 Kas. 83; *Railroad Co. v. Rollins*, 5 id. 167; Pierce on Railroads, 330; *Palmer v. Rld. Co.*, 14 N. E. Rep. 70; *A. T. & S. F. Rld. Co. v. Lindley*, 42 Kas. 714; *S. K. Rly. Co. v. Sanford*, just decided; *A. T. & S. F. Rld. Co. v. Gants*, 38 Kas. 621; *Railroad Co. v. Pointer*, 14 id. 37; *Taylor v. Clendening*, 4 id. 524; 15 N. Y. 456; 47 Iowa, 82; 48 Ind. 90.)

The only act on the part of the railroad company that is complained of, was the closing of the doors of the car in which deceased and companion were at the time, by the brakeman of the train.    What evidence is found in such act on the part of the brakeman of any malice toward the deceased? or of any wanton or reckless disregard of his rights? In what manner did the closing of such doors place the deceased in danger?    The car was empty.    He did not freeze nor smother therein.    He could not have been afraid of his companion, because he had ridden past several stations, at each of which the train had stopped, before the door was closed, and still remained in the car.    He knew the train would' stop at Fort Scott, where he was going.    There is nothing in the evidence to show that the doors of the car were locked or otherwise fastened on the outside, and nothing to show that the deceased could not have readily opened them from the inside and stepped out whenever he desired to. There is nothing to show that he did not so leave the car, there being no evidence to show how he got out of the car. His companion suffered no injury in getting out of the car, so far as the record shows.    And there is not a word of testimony tending to show that deceased was injured in any way while getting out of the car.    He was found in the rear of the train, on the track, injured.    But how he came to be there, no one knows.    The theory of the plaintiff below is, that he was alarmed when shut in the car, and attempted to get out of the window in the end of the car and fell, and the

train, or part of it, ran over him. There is no evidence, however, to support this theory, unless it can be said that the bare fact that the doors of the car were closed by the brakeman supports it. The deceased may, so far as any evidence shows, have emerged from the car through the door, and, after getting out upon the ground, have slipped and fell under the train. And, as he got on the car while the train was in motion, he may have jumped from the car out of the door, while the train was in motion, and been carried off his balance by the motion of the train, and fallen under the cars and thus been hurt. But it is idle to speculate as to how he emerged from the car, or how he was hurt.

It is enough to say that there must be some evidence of wrong on the part of even a railroad company, before it may be mulcted in damages. There is no evidence that the brakeman knew that anyone was in the car. It is true a witness said the brakeman knew, but later, when he disclosed the source of his knowledge, it turned out to be a mere inference of his. He said, also, that he did not see the brakeman look into the car.

We think the evidence in this case barren of anything showing any wrong on the part of the company or its agents, and that there was, therefore, nothing to submit to a jury. It follows that the demurrer to the evidence was rightfully sustained. It is recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.