### SPRINGER *v.* THE STATE.

The record, in a criminal prosecution upon indictment, should show that the indictment was returned into Court by the grand jury, and identify it, by some entry from the record of the lower Court, describing it by the time of its filing and its number, or otherwise.

APPEAL from the *La Grange* Circuit Court.

*Per Curiam.*—In this case, the record of the Circuit Court does not show that the indictment on which the defendant was convicted was returned into Court by the grand jury. It shows that a grand jury was impanneled for the term, and that they found nine indictments; but has no entry describing them, or in any manner identifying them. On the return of the indictments, the clerk should enter that the grand jury return into Court the following bills of indictment, which are now marked, filed, and numbered 1, 2, 3, etc., or lettered A, B, C, etc. See 2 G. & H., p. 394, note.

Some entry, substantially in this form, would place upon record evidence connecting the grand jury with the indictment.

The judgment is reversed, and the defendant ordered back to the jail of *La Grange* county, all of which is to be certified to the keeper of the State prison.

*A. Ellison,* for the appellant.