### WARNER ET AL. *v.* CAMPBELL ET AL.

BILL OF EXCEPTIONS.—*Striking Out.*—A question as to the propriety of the action of the court in striking out a paragraph of pleading can only be presented to the Supreme Court by bill of exceptions.

SAME.—*Time.*—A bill of exceptions must appear by the record to have been not only signed, but also filed, within the time limited by the court.

SUPREME COURT. — *Rehearing.*—A rehearing will not be granted by the Supreme Court in order to enable a party to have the record amended.

APPEAL from the Marion Common Pleas.

DOWNEY, J.—The appellees sued Isaac Warner, Simeon Warner, and James W. Wilson. They asked no judgment against Wilson. He made default. After issues had been made as to the Warners, there was a trial by jury, verdict for the plaintiffs against them, motion by Isaac Warner alone for a new trial overruled, and judgment against the two Warners for the amount of the verdict. The appeal was taken by both the Warners, as appears by the notice which was served on the appellees and the clerk. The errors are assigned by Isaac Warner alone. Process was issued by the clerk of this court in the name of Isaac Warner alone, following the assignment of errors, as it was proper to do. Passing over these apparent irregularities, we will consider the questions attempted to be raised, and dispose of the case.

The first error alleged is, that the court improperly struck out the third paragraph of the answer. This question is not reserved by bill of exceptions, and hence we cannot decide it. *The Indianapolis Piano Manuf'g Co.* v. *The First National Bank*, 33 Ind. 302, and cases cited.

The error assigned, that the court erred in refusing a new trial on the motion of the defendants, covers all the other questions in the case. This question depends upon the facts shown by the bill of exceptions. Sixty days were given in which to prepare and file the bill of exceptions. The judge says, in the concluding part of the bill of exceptions, "And now, within said sixty days, the defendants tender their bill of exceptions, which is approved by the court and made a part of the record of this cause," etc. It does not any-

where appear when the bill of exceptions was actually filed. This court has repeatedly held that when time is given in which to file a bill of exceptions, the record must show affirmatively that it was filed within the time given. *Peck* v. *Vankirk*, 15 Ind. 159. The bill of exceptions not appearing to be properly in the record, we cannot decide, therefore, whether the motion for a new trial was correctly refused or not, but should presume that it was.

The judgment is affirmed, with costs.

### ON PETITION FOR A REHEARING.

DOWNEY, J.—We are asked to grant a rehearing in this case, on the ground that the clerk, in making out the transcript, failed to show the filing of the bill of exceptions in time; and the certificate of the clerk stating when the bill of exceptions was filed, and that it was by his error that the transcript does not show when it was filed, is presented with the petition for a rehearing.

We regret that we are compelled in this case, as we are in many others where like applications are presented, to refuse the request. The writ of *certiorari* is freely granted by this court, on a proper suggestion of diminution of the record, at any time before the cause has been submitted, and, indeed, has often been allowed after the submission of the cause. It has not been the practice of this court to grant a rehearing that the record may be amended. Such a practice could not be allowed. It is not the practice in any court to allow a new trial or a rehearing, merely that the party may amend his pleadings and present the case in a new form. We should make little progress in the business on the docket of the court, should we allow such a practice. Counsel must, in this court, as in others, examine the records and papers, and see that they are correct before the case is passed upon.

Petition overruled.

*G. H. Voss* and *B. F. Davis*, for appellants.

*N. B. Taylor* and *E. Taylor*, for appellees.