## POWELL *v.* POWELL.

DIVORCE.—*Evidence.*—*Residence.*—Where, in an action for a divorce, the residence of the petitioner is not proved as required in section 7 of the act of March 10th, 1873, regulating the granting of divorces (2 Rev. Stat. 1876, p. 326), the court has no power to decree a divorce.

SAME.—*Alimony.*—*Custody of Children.*—*Judicial Discretion.*—In an action for a divorce, the questions of the amount of alimony and the temporary custody of infant children of the marriage are matters largely within

the discretion of the court trying the cause; and the abuse of this discretion must be very clear, to justify the Supreme Court in interfering with its exercise.

From the Boone Circuit Court.

*C. C. Galvin* and *C. S. Wesner*, for appellant.

*W. B. Walls* and *J. Claybaugh*, for appellee.

Howk, J. — Appellee was appellant's *third* wife, and appellant was appellee's *third* husband. As the fruits of their former marriages, appellee had four children, and appellant had six children. And as a pledge of their mutual loves, appellee had borne one child to appellant, which child was, at the commencement of this suit, about two months old. And "still, they were not happy!" They were married on the 17th day of October, 1872; they lived together as husband and wife until the 25th day of October, 1873, when appellee left the appellant; and on the 13th day of November, 1873, the appellee filed her petition in this cause, in the court below, praying for a divorce from appellant, for the custody of their infant child, and for alimony.

The petition is quite lengthy, but the causes which appellee relied upon for a divorce may be briefly stated, as follows: the abusive and inhuman treatment of appellee by appellant; his failure and refusal to speak to or wait upon her during her confinement, when she was unable to help herself in or out of bed; his pushing and choking her at one time; his refusal to sleep with her; his cursing her and calling her opprobrious names; his failure and refusal to make any provision for her support, after she had been forced by his abuse to leave him; and the alleged fact that the appellant had been, ever since their marriage, an habitual drunkard.

To this petition appellant demurred, upon the ground that it did not state facts sufficient to constitute a cause of action; which demurrer was overruled by the court below.

It does not appear from the record that any answer was filed to the petition; but the parties appeared and submitted

the cause for trial to the court. The finding of the court below was, that appellee was entitled to a divorce from appellant, and to alimony in a specified sum, and to the custody of her infant child for two years, and to a specific allowance for the support of such child during that time; and judgment was entered accordingly.

Appellant, for written causes then filed, moved the court below for a new trial of this cause, which motion was overruled, and appellant excepted, and leave was given him to prepare and file his bill of exceptions within ninety days; and within the time allowed by the court, this bill of exceptions was signed and sealed by the court, and made part of the record of this cause. In this bill of exceptions, it is certified by the court below, that "this was all the evidence given in the cause."

Upon the record of this cause, errors were assigned by appellant, as follows:

1. The court below granted a divorce to appellee, when it ought not to have been done.

2. The court below erred in overruling appellant's demurrer to appellee's petition.

3. The court below erred in giving the custody of the infant child to appellee.

4. The court below erred in overruling appellant's motion for a new trial.

5. The court below erred in giving alimony to appellee.

6. The court below erred in allowing alimony in excess of what was warranted by the evidence.

In discussing these alleged errors, it is proper that we should say that appellant is in no condition to complain of the ruling of the court below on his demurrer to appellee's petition, for the reason that he did not except at the time to such ruling. As, however, the granting and refusal of divorces are matters of public policy, it is right we should add that, in our opinion, the petition states facts sufficient to constitute a good cause of action, for the reason that it charges appellant with "habitual drunkenness" and "cruel

and inhuman treatment" of the appellee. 2 Rev. Stat. 1876, p. 327, sec. 8, fourth and fifth causes for divorce.

The important question in this cause, for the consideration of this court, is presented by the fourth error assigned on the record, the alleged erroneous ruling of the court below on appellant's motion for a new trial. The overruling of this motion by the court below was excepted to at the time by appellant, and is now properly before this court for consideration and decision.

The written causes assigned by appellant for a new trial of this cause were these:

1. The finding of the court below was contrary to the law and evidence.

2. The finding and judgment of the court below were not supported or sustained by the evidence.

It is provided by the first sentence of the seventh section of the act regulating the granting of divorces, etc., approved March 10th, 1873, 2 Rev. Stat. 1876, p. 326, as follows:

"Sec. 7. Divorces may be decreed by the superior, circuit, and common pleas courts of this State, on petition filed by any person, who, at the time of the filing of such petition, is and shall have been a *bona fide* resident of the State for the last two years previous to the filing of the same, and a *bona fide* resident of the county at the time of and for at least six months immediately preceding the filing of such petition, which *bona fide* residence shall be duly proven by such petitioner to the satisfaction of the court trying the same, by at least two witnesses, who are resident freeholders and householders of the State."

It will be observed, from the language of this section, that the *bona fide* residence of the petitioner in the State for two years, and in the county in which the petition may be filed for six months at least, immediately preceding the filing of such petition, is a jurisdictional fact, which ought to be averred in a petition for divorce, and which must be duly proved by the petitioner, to the satisfaction of the court trying the cause, by at least two witnesses, who are resident

freeholders and householders of the State, *before* such court will have any power or authority to decree the divorce.

In this case, the appellee made the proper averments, in regard to her residence, in her petition. But it does not appear from the bill of exceptions, in which it is certified " was all the evidence given in the cause," that any evidence whatever, even tending. to prove the *bona fide* residence of the appellee, either in county or State, was produced on the trial or in the progress of the cause before the court below, or that any witness, who was a resident freeholder and householder of the State, testified on any subject whatever, on the trial of this cause.

In our opinion, therefore, the court below erred in over-ruling appellant's motion for a new trial.

The only other questions presented for the consideration of this court by appellant's assignment of errors relate to the amount of alimony allowed and the temporary custody of the infant child. These matters are both, of necessity, largely within the discretion of the court below; and the abuse of that discretion must be very clear indeed, to justify this court in interfering with its exercise.

In the case now before the court, the alimony allowed was not unreasonable; and, from the evidence, we are unable to see why the custody of a female infant of the tender age of two months should not have been awarded to her mother for the short period of two years.

The judgment is reversed, and the cause remanded to the court below, with instructions to sustain the motion for a new trial, and for other proceedings.