No. 11,845.

### THE STATE *v.* DIXON.

CRIMINAL LAW.—*Indictment.—Return into Open Court.—Supreme Court.—Record.*—An indictment should be quashed, or a motion in arrest of judgment sustained, if the indictment was not returned into open court by the grand jury. On appeal to the Supreme Court, where such a motion has been sustained, the record must show affirmatively that the indictment was returned into open court.

SUPREME COURT.—*Correction of Record.—Certiorari.*—The settled practice of the Supreme Court forbids the correction of the record after a case has been decided.

From the Greene Circuit Court.

*F. T. Hord,* Attorney General, and *J. D. Alexander,* Prosecuting Attorney, for the State.

HAMMOND, J.—The State appeals in this case from the decision of the court below in sustaining appellee's motion to quash the indictment. An instrument without any title, but purporting to be an indictment, is copied into the transcript, but how or by what means it obtained a place among the records of the court below, does not appear. It is not shown to have been returned into open court by the grand jury. As the record comes to us, we are not able to say that there was error in quashing the indictment. Sections 1670 and 1672, R. S. 1881; *Adams* v. *State,* 11 Ind. 304; *Springer* v. *State,* 19 Ind. 180; *Heacock* v. *State,* 42 Ind. 393; *Mitchell* v. *State,* 63 Ind. 276. The law is settled in the cases cited that an indictment should be quashed, or a motion in arrest of judgment sustained, if the indictment was not returned into open court by the grand jury, and that, upon appeal to this court, the record must show affirmatively that it was so returned. It may be that the court below sustained the motion to quash for the reason that the indictment was never, in fact, presented by the grand jury. Be that as it may, it devolves upon a party bringing a case to this court to show from the record

that there was error in the decision complained of. In the absence of such showing, this court will indulge all reasonable presumptions in favor of the correctness of the decision. Affirmed.

Filed Sept. 20, 1884.

### On Petition for a Rehearing and Motion for Certiorari.

HAMMOND, J.—Counsel for the State accompany their petition for a rehearing with a motion to have the clerk of the court below certify to this court certain portions of the record alleged to be omitted in the transcript. No objection, so far as the record before us is concerned, is made to our decision. The settled practice of this court forbids the correction of the record after a case has been decided. *Warner* v. *Campbell*, 39 Ind. 409; *Pittsburgh, etc., R. R. Co.* v. *VanHouten*, 48 Ind. 90; *State, ex rel.*, v. *Terre Haute, etc., R. R. Co.*, 64 Ind. 297.

Both the petition and motion will have to be overruled.

Filed Oct. 16, 1884.