## Miller *v.* Miller.

[No. 8,225. Filed March 20, 1914.]

1. Divorce.—*Complaint.—Residence.*—The facts embraced in the requirement of §1066 Burns 1908, §1031 R. S. 1881, that the applicant for a divorce shall have been a *bona fide* resident of the State for the last two years, and of the county for at least six months, immediately preceding the filing of the suit, are jurisdictional and their existence should be averred in the complaint or petition. p. 648.

2. Divorce.—*Complaint.—Residence.—Affidavit.*—Where a complaint for divorce is verified, and in addition to its own necessary jurisdictional averments contains the facts as to residence and occupation required by §1066 Burns 1908, §1031 R. S. 1881, to be shown by affidavit, a separate affidavit is not necessary. p. 649.

3. DIVORCE.—*Complaint.—Residence.*—The allegation of a complaint for divorce, that "plaintiff is now, and has been for more than two years last past, a *bona fide* resident of Howard County in the State of Indiana," sufficiently showed the jurisdictional facts as to residence, as required by §1066 Burns 1908, §1031 R. S. 1881, where the action was brought in the county named. p. 649.

4. DIVORCE.—*Showing as to Residence and Occupation.—Statutes.* —The requirement of §1066 Burns 1908, §1031 R. S. 1881, as to a showing of residence and occupation by affidavit accompanying a complaint for divorce, is mandatory in that there must be a substantial compliance as to each fact required to be presented by such affidavit, and since the manifest intent of the statute is to prevent the procurement of divorces by nonresidents through fraud or imposition on the courts, such intent must be considered in determining the sufficiency of the showing contained in such an affidavit; and where, in lieu of a separate affidavit, the facts literally required to be shown thereby are attempted to be set out in a verified complaint, all the facts pleaded bearing on the sufficiency of the showing will be considered, and if a case apparently free from suspicion is presented a relatively wider departure from strict compliance will be construed as a substantial compliance. p. 649.

5. DIVORCE.— *Complaint.— Allegations.— Occupation.—* A general averment that plaintiff in a divorce action was a housekeeper, sufficiently complies with the statutory requirement as to statement of the applicant's occupation. p. 650.

6. DIVORCE.—*Complaint.—Averments as to Domicile.*—A departure from the statutory language concerning domicile will not be fatal in a complaint for divorce, where the facts conferring jurisdiction can be gathered from the entire pleading. p. 650.

7. DIVORCE.—*Complaint.—Showing as to Residence and Occupation.*—A verified complaint for divorce, containing general averments as to residence and occupation of plaintiff, and stating facts from which it appeared that plaintiff was a *bona fide* resident of a specified township in the county for the required time, sufficiently complied with §1066 Burns 1908, §1031 R. S. 1881, requiring an affidavit accompanying a complaint for divorce showing certain facts as to residence and occupation. pp. 651, 652.

8. DIVORCE.—*Complaint.—Allegations.*—The allegation in a complaint for divorce showing plaintiff's residence in Howard County, and in Center Township, is equivalent to an allegation that Center Township mentioned is in Howard County. p. 652.

9. EVIDENCE.—*Judicial Notice.—Presumptions.*—The court takes judicial notice that the city of Kokomo is in Center Township, Howard County, Indiana, that there is no other city of Kokomo

in the State, and that there is a Clay Township in said county; and where a complaint for divorce filed in the circuit court of that county contained allegations respecting Clay Township and the city of Kokomo, it will be presumed that the Clay Township mentioned is Clay Township in said county.  p. 652.

10.   DIVORCE.—*Complaint.—Verification.—"Subscribe."*—The word "subscribe" when applied to the act of signing one's name to an instrument in writing, means the signing of such name beneath or at the end of such instrument, hence it sufficiently appears that a complaint for divorce was subscribed and sworn to by plaintiff, where her name is signed at the conclusion of the pleading and followed by the officer's jurat merely stating that the instrument was subscribed and sworn to, but not stating by whom, and this notwithstanding the names of the attorneys also appear at the close of such pleading.  p. 653.

11.   EVIDENCE.—*Judicial Notice.*—The court on appeal cannot judicially know that a witness who testified in the case, and whose name is the same as one of the attorneys, is the same man as the attorney.  p. 654.

12.   DIVORCE.— *Witnesses.— Competency.— Residence.*— A witness who testified that he was a freeholder and householder, but did not testify as to his residence or domicile, was not qualified under §1066 Burns 1908, §1031 R. S. 1881, to testify as to the residence of plaintiff in a divorce action.  p. 654.

13.   DIVORCE.—*Witnesses.—Competency.—Residence.*—Since an action for divorce is impliedly classed as a civil action, and the civil code (§519 Burns 1908, §496 R. S. 1881) provides that parties to a suit are competent witnesses except in certain cases, and in view of the fact that the divorce act does not disqualify a witness on account of interest, plaintiff in a divorce suit, who qualified as any other witness for that purpose, was competent to testify in her own behalf on the subject of her residence.  p. 655.

14.   DIVORCE.—*Witnesses.—Competency.—Residence.*—The qualification of a witness to prove residence of plaintiff in a divorce suit need not be established by formal and express proof, and it is sufficient if the evidence as a whole clearly establishes that such witnesses are resident freeholders and householders of the State.  p. 656.

15.   DIVORCE.—*Evidence.—Residence.*—The fact of plaintiff's residence for the time required by the divorce act (§1066 Burns 1908, §1031 R. S. 1881) need not be established by formal and express proof, but it is sufficient if, as a whole, the testimony of at least two qualified witnesses establishes the fact of residence for the required time to the satisfaction of the court.  pp. 656, 657.

16.   DIVORCE. — *Witnesses. — Qualification. — Evidence.* — Evidence showing that plaintiff in a divorce suit was compelled to leave

the common home of herself and husband, that she left with no intention of returning and rented a house at the county seat, where she and a minor daughter were living at the time of the trial, together with evidence showing that she owned real estate in the county, sufficiently showed her qualification as a witness in her own behalf on the question of her residence. p. 656.

17. DIVORCE.—*Evidence.—Sufficiency.—Residence.*—Where the testimony of plaintiff in a divorce suit showed that at the time of filing the complaint she was, and for more than two years immediately prior thereto had been a *bona fide* resident of the county and State, it together with the testimony of another qualified witness to the same effect, was sufficient to show residence within the requirements of §1066 Burns 1908, §1031 R. S. 1881. p. 658.

18. DIVORCE.—*Evidence.—Sufficiency.*—A judgment for plaintiff, in a divorce action, having evidence to support it, will not be reversed on the evidence, although such evidence was conflicting and showed that at times plaintiff participated in physical encounters with defendant. p. 658.

19. DIVORCE.—*Alimony.—Review.*—The amount of alimony to be allowed is within the discretion of the trial court, which should be exercised with a view to the wealth of the parties and their sources of income, their ages, health, needs, innocence or culpability in the matter tried, and all other elements bearing upon the subject, and on appeal it will be presumed that such discretion has been properly exercised, so that in the absence of a showing to the contrary an allowance made by the trial court will not be interfered with. p. 658.

From Howard Circuit Court; *Leroy B. Nash,* Special Judge.

Action by Caroline M. Miller against Henry C. Miller. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Overton & Joyce,* for appellant.
*Blacklidge, Wolf & Barnes,* for appellee.

CALDWELL, J.—Action by appellee against appellant for divorce and alimony. The complaint, filed on April 3, 1911, charges as causes for divorce, cruel treatment and the failure to make reasonable provision for the support of appellee. Appellant filed a general denial to the complaint, and filed also a cross-complaint which appellee answered by general

denial. Trial before a special judge, resulting in a judgment in favor of appellee for a divorce and alimony in the sum of $3,500, and an allowance of $350 for attorney fees.

The first question presented is as to the sufficiency of the jurisdictional facts as shown by appellee's pleadings. The statute applicable to such question, as well as to several other questions presented and hereinafter discussed, is as follows: "Divorce may be decreed by the superior and circuit courts of this state, on petition filed by any person who, at the time of the filing of such petition, is and shall have been a *bona fide* resident of the state for the last two years previous to the filing of the same, and a *bona fide* resident of the county at the time of and for at least six months immediately preceding the filing of such petition; which *bona fide* residence shall be duly proven by such petitioner, to the satisfaction of the court trying the same, by at least two witnesses who are resident freeholders and householders of the state. And the plaintiff shall, with his petition, file with the clerk of the court an affidavit subscribed and sworn to by himself, in which he shall state the length of time he has been a resident of the state, and stating particularly the place, town, city, or township in which he has resided for the last two years past, and stating his occupation, which shall be sworn to before the clerk of the court in which said complaint is filed." §1066 Burns 1908, §1031 R. S. 1881. Said statute contains three distinct requirements: (1) Respecting the existence of certain specified jurisdictional facts as to residence; (2) the degree and manner of proof of such facts; (3) the nature and contents of an accompanying affidavit. Although the statute does not in terms so specify, still, since the

1. facts within such first requirement are jurisdictional, their existence should be averred in the petition or complaint. *Powell* v. *Powell* (1876), 53 Ind. 513.

Appellee did not file with her complaint a separate affidavit. It is claimed in her behalf, however, that the complaint contains in addition to its own necessary jurisdictional aver-

ments, the facts required by statute to be presented by such an affidavit, and it is claimed also that the complaint was subscribed and sworn to by appellee. If such claims be valid, there is a sufficient compliance with the statute, as in such case a separate affidavit is not necessary. *Stewart* v. *Stewart* (1902), 28 Ind. App. 378, 62 N. E. 1023.

The complaint contains the following averment: "Plaintiff further alleges that she is now, and has been for more than two years last past, a *bona fide* resident of Howard County in the State of Indiana." Such averment is a sufficient compliance with the first requirement of the statute. *Polson* v. *Polson* (1895), 140 Ind. 310, 39 N. E. 498.

As to whether the facts embraced by the third requirement are sufficiently alleged in the complaint presents a more difficult question. It is held that said statutory requirement as to the contents of such affidavit, or in this case, as to the contents of the complaint, is so far mandatory that there must be a substantial compliance therewith. While a substantial compliance satisfies the statute, there must be such a compliance as to each of the facts required to be presented by such an affidavit. A concession that a substantial compliance is sufficient, compels the conclusion that a strict or literal compliance is not in all cases required. In determining what constitutes a substantial compliance as a general proposition, it would seem to be legitimate to consider the legislative intent that inspired the enactment. On this subject, the Supreme Court says: "Manifestly, the legislative intent in the enactment of these provisions was to limit the operation of the statute to *bona fide* residents of the State, and to restrain and prevent the procurement of divorces by non-residents through fraud or imposition practiced on the courts." *Eastes* v. *Eastes* (1881), 79 Ind. 363, 368. See, also, *Wills* v. *Wills* (1911), 176 Ind. 631, 96 N. E. 793. Where, as here, the pleader undertakes to include in a verified complaint facts as to resi-

dence and occupation, literally required to be presented by affidavit, it would seem that all the facts pleaded bearing on such questions should be considered, and, if so viewed such facts present a case apparently free from suspicion, a relatively wider departure from a strict compliance should be construed as a substantial compliance. Such is the spirit of the decision in *Hunter* v. *Hunter* (1902), 64 N. J. Eq. 277, 53 Atl. 221. The statutory provision above quoted respecting the contents of the affidavit is as follows: ''And the plaintiff shall, with his petition file with the clerk of the court an affidavit subscribed and sworn to by himself, in which he shall state [1] the length of time he has been a resident of the state; [2] stating particularly the place, town, city or township in which he has resided for the last two years past, and [3] stating his occupation.''

The complaint alleges that appellee is a housekeeper, which allegation satisfies the third provision. It contains also, as has been said, the allegation that appellee ''is now and has been for more than two years last past, a *bona fide* resident of Howard County in the State of Indiana,'' which allegation, in our judgment, is a sufficient compliance with the first provision. There is the further allegation that appellee ''is now a resident of Center Township.'' There is no general averment as to the town, city or township in which appellee resided during the two years immediately preceding the filing of the complaint.

While in any case, general averments of said required facts constitute a compliance with the terms of the statute, so it would seem that the same end may be attained by specific averments. Thus, appellee alleges in terms that her occupation is that of housekeeper. Had she in place of such general averment alleged specific facts as to her line of work, and how she occupied and used her hands and mind, and if such specific facts forced the conclusion that appellee is a housekeeper by occupation, such specific facts taken with

such conclusion arrived at therefrom would satisfy the statute. A departure from the statutory language concerning domicile will not be fatal if the facts conferring jurisdiction can be gathered from the entire pleading. 2 Nelson, Divorce and Separation §731. The pleading will be sufficient if facts are set out showing the required residence. 7 Ency. Pl. and Pr. 67.

Bearing on the question under discussion, the following facts are averred in the complaint: The parties were married in 1872, and lived together as husband and wife until 1903, when they were divorced by the Howard Superior Court. They were remarried later in 1903, at which time appellant deeded a tract of land to appellee, retaining in his own name 128 acres, designated in the record as the "Home Farm." Many facts are averred showing many years of life together on the farm after said remarriage. It is further alleged that after said remarriage in 1903, the parties "have continued to live together in the same house until about the 20th day of March, 1911, when they separated and have not since lived or cohabited together." That prior to the separation, appellant notified various merchants of the city of Kokomo not to extend credit to appellee; that Ruth Miller, aged sixteen years, daughter of the parties, is attending the high school at Kokomo, and is about ready to graduate, and that appellant has refused to provide her any means to get back and forth from school, "and has refused to pay any livery bills when she drove from their home in Clay township," and has directed various merchants of the city of Kokomo not to extend credit to Ruth for clothing or food; that the married sons of the parties have been farming said two farms for several years. Facts are averred to the effect that in March, 1911, appellant forced appellee and the daughter Ruth to leave the home farm, and that appellee "has been compelled to rent a house in the city of Kokomo, and move to the same," and that the daughter Ruth now lives with appellee;

that appellee is now and has been for more than two years last past a *bona fide* resident of Howard County in the State of Indiana, and is now a resident of Center Township. The allegation of present residence in Howard County, and in Center Township is equivalent to an allegation that Center Township mentioned is in Howard County. This court takes judicial knowledge that the city of Kokomo is in Center Township, Howard County, Indiana, and that there is no other city of Kokomo in this State, and that there is a township in said county known as Clay Township. Allegations respecting Clay Township and said city of Kokomo are connected together in a pleading designed to be filed and actually filed in the Howard Circuit Court of Howard County, Indiana. Under such circumstances, it will be presumed that the Clay Township referred to is the Clay Township which the court judicially knows to be in Howard County. *Strode* v. *Strode* (1867), 3 Bush. (Ky.), 227, 96 Am. Dec. 211.

It sufficiently appears that after the remarriage and prior to the separation, the parties lived together at some time not definitely fixed, in Clay Township on the home farm, but it is alleged that the parties "continued to live together in the same house" from the remarriage to the separation. We concede that the quoted language is possibly susceptible of more than one construction. It might be said that the second phrase merely excludes the supposition that one of them lived in one house and the other in a different house, but the second phrase is not necessary to that end, as the first phrase alone is inconsistent with such supposition. It might be said also that the second phrase qualifies the first, to the effect that the parties continued to live together only in the sense that they lived in the same house, but an allegation that they lived together, but not in the relation of husband of wife, would be more apt to that end. Moreover, the quoted allegation is closely connected with averments respecting a remarriage follow-

ing a reconciliation. The presumption arising from such a reconciliation and remarriage is in harmony with an hypothesis that the parties lived together in the relation of husband and wife, which hypothesis is consistent with the literal meaning of the phrase "in the same house," in which sense we construe said phrase to the effect that from said remarriage to said separation, the parties did not change their abode. It thus appears from the complaint that from 1903 to March 20, 1911, appellee lived in Clay Township, and thereafter to the filing of the complaint that she lived in Center Township, Howard County, Indiana. From a consideration of the complaint as a whole, there is formed a conception of residential stability and fixedness, rather than of the transient and roving. In the matter under discussion, we hold the complaint sufficient. *Hunter* v. *Hunter, supra.*

It is conceded by appellant that where the complaint contains the facts required by the statute to be presented by affidavit filed with the complaint, there is a sufficient
10. compliance with the statute, if it appears that the complaint was "subscribed and sworn to by the plaintiff". However, it is contended here that it does not appear that the complaint was so "subscribed and sworn to". The complaint, as set out in appellant's brief, appears to be signed by appellee's attorneys, as such, and at the conclusion thereof it is signed by appellee, following which is a jurat thus: "Subscribed and sworn to before me the undersigned", etc. Appellant states his position as follows: "The complaint is signed by Blacklidge, Wolf & Barnes, and Caroline M. Miller, but the jurat does not show that plaintiff swore to it." That is, appellant concedes that it appears that appellee signed the complaint, but denies that there is a sufficient showing that she swore to it. Primarily, the word "subscribe" when applied to the act of signing one's name to an instrument in writing, means the signing of such name beneath or at the end of such instrument.

*Ashwell* v. *Miller* (1913), 54 Ind. App. 381, 103 N. E. 37; *James* v. *Patton* (1851), 6 N. Y. 9, 55 Am. Dec. 376; *Lawson* v. *Dawson* (1899), 21 Tex. Civ. App. 361, 53 S. W. 64. It being admitted that appellee signed her name at the end of the complaint, it follows that she subscribed the complaint. It sufficiently appears that the person who subscribed the complaint was sworn to it also, and it therefore further follows that it sufficiently appears that the complaint was "subscribed and sworn to" by appellee. It may be said that the same line of reasoning would establish that said law firm also subscribed and swore to the complaint. If such be the fact, the complaint would not be thereby invalidated.

The second requirement of said quoted statute is as follows: "Which *bona fide* residence shall be proven by such petitioner to the satisfaction of the court trying the same by at least two witnesses, who are resident freeholders and householders of the state." Appellant takes the position that it does not appear that two witnesses of the requisite qualifications testified on the subject of appellee's residence, and that if it should be conceded that any two witnesses were shown to have such qualifications, their testimony was not broad enough in substance to establish the fact of appellee's residence, as required by the statute. Appellant does not contend that there was a failure on the part of the witness William H. Miller to qualify as aforesaid, or that his testimony was not broad enough to meet the requirements of the statute. We shall, therefore, treat him as one witness sufficiently qualified, and whose testimony satisfies the statute to that extent. Appellee asserts that Conrad Wolf qualified as such a witness. Conrad Wolf testified that he was a freeholder and householder, but did not testify as to his residence or domicile. The record, otherwise than by testimony offered at the trial, discloses that Conrad Wolf was one of the attorneys for appellee, and as such, that he was actively engaged in the trial. The Constitution provides that "Every

person of good moral character, being a voter, shall be entitled to practice law in all courts of justice." Constitution, Art. 7, §21. From the foregoing, it is argued that Conrad Wolf must be a voter, as he was practicing law, and, therefore, that he must of necessity be a resident of the State of Indiana, and hence, considering also his said testimony, that he must be a freeholder and householder of the State. If it should be conceded that the argument is otherwise sound, still there was no evidence that Conrad Wolf, the witness, was the same man as Conrad Wolf, the lawyer. While there may be situations wherein identity of names raises a presumption of identity of persons, still we do not believe such a presumption could be indulged here. It is argued that it was within the province of the trial court to take judicial knowledge of such identity. By no means conceding the soundness of the argument that such an abstruse question as personal identity comes within the realm of facts which courts know judicially, still there is nothing in the record to indicate that the court here did take such judicial notice or that it was established by the exercise of judicial knowledge. If the trial court could take judicial notice of such fact, so could this court, and this court certainly does not know judicially that the witness was the same man as the attorney. The record does not show that Conrad Wolf qualified as a witness on the subject of appellee's residence. See *Stephenson* v. *State* (1867), 28 Ind. 272.

It is claimed that appellee was a competent witness to testify in her own behalf on the subject of her residence, and that she qualified as such, and testified on said subject. First as to her competency—the statute provides that the fact of such residence, as required, must be proven by "at least two witnesses who are resident freeholders and householders of the State." There is no qualifying term such as "disinterested" or "impartial." The code provides that "All persons, whether parties to or interested in the suit, shall be competent witnesses in a civil

action or proceeding, except as herein otherwise provided.''
§519 Burns 1908, §496 R. S. 1881. The situation here does
not come within any of the exceptions that follow. A pro-
ceeding for divorce is impliedly classed as a civil action by
the divorce act. §1079 Burns 1908, §1041 R. S. 1881. Ap-
pellee was a competent witness to testify in her own behalf
in support of her cause of action. *Smith* v. *Smith* (1881),
77 Ind. 80. There is no provision of the divorce act or of
the code that excludes appellee as a witness on the subject
of her own residence, and in view of the foregoing statutory
provisions construed together, we hold that appellee was a
competent witness to testify respecting her own residence.

The next question is as to whether appellee qualified
as such a witness. It does not appear that she testi-
fied in terms that she was a resident freeholder and
householder of the State. On the trial of an action
for divorce, it is not necessary that the qualification
of a witness who testifies on the subject of the plain-
tiff's residence be established by formal and express proof.
The same is true also of the fact of such residence for the
time required. It is sufficient if the evidence as a whole
clearly establishes that such witnesses are in fact resident
freeholders and householders of the State, and establishes
also ''to the satisfaction of the court trying the cause''
by the testimony of at least two such qualified witnesses that
plaintiff at the time of filing her petition was and immedi-
ately prior thereto had been a *bona fide* resident of the
county and State during the respective periods required by
the statute. *Maxwell* v. *Maxwell* (1876), 53 Ind. 363;
*Blauser* v. *Blauser* (1909), 44 Ind. App. 117, 87 N. E. 152;
*Rosinakowski* v. *Rosinakowski* (1904), 34 Ind. App. 128, 72
N. E. 485.

At the trial, appellant offered no evidence on the subject
of the qualification of any such witness or on the sub-
ject of appellee's residence, but left these questions
where the evidence offered by appellee left them.

They must be determined then from the testimony introduced by appellee. The statute does not require that the fact, that a certain witness is or is not a resident freeholder and householder of the State, be established by the evidence of that witness alone. Such fact may be proven by any competent evidence. It is not controverted that a married woman may become a householder. As she may acquire a domicile other than the domicile of her husband, so she may become a householder. There was evidence tending to show that appellee was compelled to leave the common home of herself and husband, by reason of the mistreatment that she received at his hands, and his failure to make reasonable provision for her support and the support of the daughter Ruth; that she did so leave with no intention of returning; that thereupon she rented a house in the city of Kokomo; that at the time of the trial she was living in said house and maintaining a separate establishment and keeping boarders as a partial means of livelihood; that the daughter Ruth was living with her, and being maintained by her. There was also evidence that she owned real estate in Howard County, Indiana, in her own right. These facts appear from the testimony of appellee and others, including the daughter Ruth. The evidence was sufficient to show that at the time of the trial, appellee was a resident freeholder and householder of the State. *Kenley* v. *Hudelson* (1881), 99 Ill. 493, 500, 39 Am. Rep. 31; *Tolen* v. *Tolen* (1831), 2 Blackf. 407, 21 Am. Dec. 742; *Rosinakowski* v. *Rosinakowski, supra;* 21 Cyc. 1114; 9 Am. and Eng. Ency. Law (2d ed.) 736; 7 Standard Ency. Proc. 747; *Jenness* v. *Jenness* (1865), 24 Ind. 355, 87 Am. Dec. 335.

Appellee did not in terms testify to the fact of her residence in the county and State during the respective required periods. However, as we have said, it was not necessary that such fact be established by formal proof. Such fact may be proven in the same manner as any other essential fact, provided it be by the testimony

of the requisite number of qualified witnesses. We have read carefully all that appellee testified to as a witness in her own behalf. To analyze her testimony in relation to the present discussion would extend this opinion beyond justification. From such testimony, with reasonable deductions and inferences therefrom, to us, it clearly appears that she testified that at the time of the filing of the complaint she was, and for a very much longer period than two years immediately prior thereto had been, continuously a *bona fide* resident of the State of Indiana, and of Howard County in said State. Appellee's testimony, with the testimony of William H. Miller, was sufficient to meet the requirements of the statute.

Appellant challenges the sufficiency of the evidence to sustain the decision of the trial court on the body of the cause of action, and claims particularly that the evidence shows that appellee, as well as appellant was at fault.

The evidence, which is in a measure conflicting, shows many years of domestic discord and turmoil, with frequent outbreaks, resulting in physical encounters, involving the immediate parties and the members of the family. That appellee at times participated in these encounters does not necessarily convict her of fault. The law recognizes that the actual inflicting of physical injury is, under some circumstances, excusable. The situation presented was peculiarly for the consideration of the trial court. The evidence favorable to appellee is abundantly sufficient to sustain the court's decision.

The question is properly presented as to whether the court erroneously decreed in favor of appellee alimony excessive in amount. The alimony judgment is in the sum of $3,500, in addition to which the court awarded to appellee the sum of $350 with which to pay the fees of her attorneys. Appellee was given the custody of the daughter Ruth, with no order against appellant for her support. There were no other minor children. No com-

plaint is made of the allowance for attorney's fees. The parties were first married in 1872, and at that time had comparatively little property. They were divorced in 1903, at which time appellee became the owner of 20 acres of land, or of an undivided one-half interest in 40 acres, apparently by reason of the parties owning said forty acres as tenants by the entireties. In the first divorce proceeding, appellee recovered a judgment as alimony in the sum of about $4,000. At the time of the remarriage, appellant conveyed the 72-acre tract to appellee, which with said twenty acres made a total of 92 acres owned by her. She thereupon released her said judgment. At the time of the trial, appellant was free from debt, and owned 128 acres, worth $140 per acre, and had in addition about $2,000 in notes and money. Appellee owned said 92 acres, worth $140 per acre, but encumbered by a $500 mortgage, and had about $150 in money. From the evidence, it appears that the parties were industrious and frugal, and that practically all of said property was accumulated as a result of their joint earnings. The matter of the amount of alimony is wisely committed to the judicial discretion of the trial court. In allowing alimony, the court should take into consideration the respective amounts of property owned by the parties, the sources from which it came, the encumbrances thereon, the debts owing, the income that may reasonably be expected to be derived from such property, the age of the parties, physical health, physical or financial needs, the innocence or culpability of each in the matter tried, and all other elements needful to the exercise of a wise discretion. It is presumed that the trial court has performed its duty, and has properly exercised such discretion. We cannot say from the record that such discretionary power has been abused, and under such circumstances it is beyond our province to interfere.

There being no error in the record, the judgment is affirmed.

Note.—Reported in 104 N. E. 588. As to alimony and the allowance of it, see 60 Am. Dec. 664. As to the necessity of the allegation of the residence of the plaintiff in a petition for divorce, see 12 Ann. Cas. 1092. As to judicial notice of geographical facts, see 12 Ann. Cas. 927. See, also, under (1, 3) 14 Cyc. 663; (2) 14 Cyc. 678; (9) 16 Cyc. 859; (10) 31 Cyc. 525; 36 Cyc. 449; (12, 14) 14 Cyc. 692; (13) 14 Cyc. 691; (18) 14 Cyc. 735; (19) 14 Cyc. 769, 771, 803.