FIRST MERCHANTS NATIONAL BANK & TRUST COMPANY
v. CROWLEY ET AL.

[No. 27,887.   Filed October 19, 1943.   Rehearing denied November 22, 1943.]

684

*Vaughan & Vaughan*, of Lafayette, for petitioner.

*Jay E. Darlington*, of Hammond, for respondents.

SWAIM, C. J.—The petitioner, First Merchants National Bank and Trust Company of Lafayette, Indiana, has filed in this court its petition for writ of *certiorari*, directed to the Appellate Court, ordering that court to certify and send to this court, a full and complete transcript of the record and briefs in cause number 16670, entitled Timothy W. Crowley, as administrator of the estate of *P. Edward Fardy, deceased, et al.* v. *First Merchants National Bank of Lafayette, Indiana, et al*, in order that said cause may be reviewed and determined by this court and the judgment of the Appellate Court therein reversed.

On May 9, 1942, the Appellate Court reversed the judgment of the trial court in said cause. *Crowley et al.* v. *First Merchants National Bank of Lafayette et al.* (1942), 112 Ind. App. 80, 41 N. E. (2d) 669. A petition for a rehearing therein was overruled and thereafter, on September 18, 1942, a petition to transfer the cause to this court was dismissed because of failure to comply with rule 2-23 of the Rules of the Supreme Court, 1940 Revision. This petition for a writ of certiorari is, therefore, a second attempt on the part of the petitioner to have this court consider and determine said cause.

In a discussion of the question of common-law writs of *certiorari* in 10 Am. Jur. § 5, p. 527, we find the following language:

"Primarily there are two classes of cases, in which a common-law writ of certiorari will lie: First, whenever it is shown that the inferior court or tribunal has exceeded its jurisdiction; second, whenever it is shown that the inferior court or tribunal has proceeded illegally, and no appeal is allowed or other mode provided for reviewing its proceedings. The petitioner must generally establish either that the proceedings are infected with some fatal irregularity rendering them absolutely void, or that the jurisdiction of the cause did not belong to the tribunal which assumed it but to a different tribunal, or else that the cause is one not within the limits of judicial power. In other words, the inquiry contemplated is as to the power of the court and not the irregularity or correctness of its action . . ."

Even under this broad general statement as to when a common-law writ of *certiorari* will lie, the petition in this case would have to be denied because here the petitioner has not sought to question the jurisdiction of the court; and by a petition to transfer to this court, as interpreted in *Warren* v. *Indiana Telephone Company* (1940), 217 Ind. 93, 26 N. E. (2d) 399, the petitioner had an adequate method for securing a review of the decision of the Appellate Court. The fact that it did not utilize the available mode of securing a review of the decision would not entitle the petitioner to the extraordinary remedy of a common-law writ of *certiorari*.

In *Devoss* v. *Jay, et al* (1860), 14 Ind. 400, the court had the following to say concerning an attempted second appeal from the same judgment:

"The judgment of the Court below, from which the former appeal was taken, was by this Court affirmed. Now another appeal is here from the same judgment, but the record has been perfected since that decision, so as to present points that could not be then considered. This Court then

passed upon all points that could be raised upon the record, as the parties chose to submit it. Then was the time to perfect the record, before the judgment of this Court was pronounced. If parties elect to take the opinion of the Court upon an imperfect record, we cannot see where litigation would end, if, by supplying some omitted part of the record, they could again bring another and another appeal from the same judgment. The question whether the record would be a bar to another suit is not before us."

In *Warner et al.* v. *Campbell, et al.* (1872), 39 Ind. 409, this court, in denying a petition for rehearing which had been asked for the purpose of giving the losing party an opportunity to have the record amended and corrected, said:

"It has not been the practice of this court to grant a rehearing that the record may be amended. Such a practice could not be allowed. It is not the practice in any court to allow a new trial or a rehearing, merely that the party may amend his pleadings and present the case in a new form. We should make little progress in the business on the docket of the court, should we allow such a practice."

In its brief, in support of its petition for *certiorari,* the petitioner states that one purpose of a writ of *certiorari* is "to insure substantial justice where no other means of review is available." In the instant case the petitioner had another means of review, that is by a petition to transfer. The fact that it did not avail itself of that mode of review would not justify the granting by this court of a writ of *certiorari.*

In support of its position the petitioner has cited the cases of *Brown* v. *Osborne* (1818), 1 Blackford 32, and *Bannister* v. *Allen* (1825), 1 Blackford 414. Both of these opinions, however, were apparently speaking of writs of *certiorari* to supply omissions in the records of

appeals which were pending before the court when the petitions for *certiorari* were filed. A footnote to the opinion in *Brown* v. *Osborne, supra,* states:

> "It is a general rule, that, at any time pending the writ of error, whether before or after errors assigned, or after in *null est erratum* pleaded the Court, ex officio, may award a certiorari to inform their conscience, to affirm a judgment, but not to reverse it, or make error."

An investigation of the decisions of this court fails to disclose any decision where this court has resorted to a writ of *certiorari* as an independent method of reviewing a decision of an inferior court. Our statutes (§2-3224, Burns' 1933, § 515, Baldwin's 1934) provide for a writ of *certiorari* by any Appellate Court to any inferior court to procure the records and proceedings of such inferior court "whenever it shall be necessary for the proper determination of any cause or proceeding *pending* before the Appellate Court." (Our italics.) This statutory writ of *certiorari* was clearly intended as an aid to the Appellate Court only in appeals pending in the Appellate Court, not as an independent mode of appeal.

In *Aetna* v. *Stryker* (1906), 38 Ind. App. 312, 73 N. E. 953, 76 N. E. 823, 78 N. E. 245, the Appellate Court said, "In this State appeals are prosecuted to appellate tribunals in the manner provided by our code, and not by writ of *certiorari*." To the same effect see *City of Indianapolis* v. *L. C. Thompson Mfg. Co.* (1907), 40 Ind. App. 535, 538, 81 N. E. 1156, 82 N. E. 540; *Ex Parte Sherwood* (1908), 41 Ind. App. 642, 646, 84 N. E. 783.

Whether a writ of *certiorari* could ever be used as an independent method of reviewing the judgment or action of an inferior court in a case where no adequate

statutory appeal is available, we need not now decide. In the case now before us the statutory method of review was adequate for the presentation of any question which the petitioner desired to raise.

The fact that this court, subsequent to the decision of the Appellate Court in this case, decided a companion case differently could not affect the decision of the Appellate Court in this case. As we pointed out in *Fardy* v. *Mayerstein* (1943), 221 Ind. 339, 47 N. E. (2d) 315, 47 N. E. (2d) 966, we do not know whether the evidence in that case and this case was the same nor whether the facts as to the attempted foreclosure of the pledge in the two cases were similar. They were separate and distinct cases and our decision in the later case could not affect the earlier case which had theretofore been finally disposed of by the decision of the Appellate Court and the dismissal of the petition to transfer. Our decision in the later case could not give this court jurisdiction to take any action with reference to the earlier decision of the Appellate Court even though the decisions might not be in harmony. See Ann. 95 A. L. R. 708 and cases there cited.

The motion to dismiss the petition for a writ of *certiorari* is sustained.

NOTE.—Reported in 50 N. E. (2d) 918.