## ADKINS *v.* ADKINS

[No. 17,509.   Filed January 29, 1947.]

Murray, Schell & McGehee, of Gary, for appellant.

Thomas J. Hurley, of Gary, for appellee.

BOWEN, J.—This is an appeal from a judgment granting a divorce to the appellee plaintiff below from the appellant defendant below on a complaint charging cruel and inhuman treatment.

Issues were joined on the complaint and a cross-complaint for divorce filed by appellant on the ground of cruel and inhuman treatment.

The court found for appellee that she was entitled to a divorce and alimony and found against the appellant on his cross-complaint and rendered judgment for appellee. The appellant filed a motion for a new trial which was overruled by the court and error is assigned in the overruling of appellant's motion for a new trial which stated as grounds therefor (1) that the decision of the court is not sustained by sufficient evidence and (2) that the decision of the court is contrary to law.

Appellant claims that the decision of the court is not sustained by sufficient evidence on the alleged grounds that plaintiff failed to prove that she was a bona fide resident of the county in which she resided by the testimony of two resident householders of the state.

Provisions of the divorce statute are mandatory and there must be proof of the residence of plaintiff by at

least two qualified witnesses as required by the ■ statute to obtain a decree of divorce. *Berghean* v. *Berghean* (1943), 113 Ind. App. 412, 48 N. E. (2d) 1001; *Wharton* v. *Wharton* (1941), 218 Ind. 345, 32 N. E. (2d) 695.

It is claimed by appellant that Edward J. Bonick and Calvin J. James, Sr., the two resident witnesses of plaintiff, failed to qualify as resident householders of the county and state. The testimony of Bonick, upon which the decision as to his qualification as a householder must rest, was that he was a married man; and that he lived at 756 Maryland Street, Gary, Indiana, with his wife and family.

The testimony of James was that he was a married man and lived at 2469 Johnson Street, with his wife and family.

Appellant contends that the testimony of such witness that he is a married man and that he lived with his wife and family is insufficient to qualify him as a resident householder, and cites as authority therefor the case of *Berghean* v. *Berghean, supra.*

In that case this court considered the question as to whether or not two married women were properly qualified as resident householders, and it was stated therein the fact that a man and woman are married does not necessarily constitute either of them a householder within the meaning of the divorce statute; and which one, if either, is a householder is a question of fact to be proven.

However, a different question is presented in the instant case by reason of the facts hereof. The law casts upon a married man the duty of supporting ■ his wife and family. The word "householder" in its ordinary and usual meaning is that such a

person is the head of a family upon which the other members are dependent. A reasonable inference can be logically drawn from the statement, that a man is married and living with his wife and family, that he is the head of such family upon which the other members are dependent, by reason of the fact that the law casts a burden and duty upon him to support the members of his family. The testimony of Edward J. Bonick in our opinion qualifies him as a householder and proper residence witness in the case at bar.

As stated in *Bunnell* v. *Hay* (1881), 73 Ind. 452, in determining whether or not a person was a resident householder under the exemption statute, "It was the duty of the appellant to support the child which was his by adoption, and the case, therefore, falls within the rule, sanctioned by many authorities, that he is to be deemed a householder upon whom rests the duty of supporting the members of his family or household."

The appellant also objects to the sufficiency of the testimony of the witness James to establish that he was a resident householder by reason of the fact that the only identification of his residence was 2469 Johnson Street. In this connection, we wish to point out that the plaintiff who was herself properly qualified as a residence witness testified in her own behalf as to residence, and it is well established that a woman plaintiff in a divorce action is a competent witness in her own behalf as to her residence. §§ 2-1713, 3-1203, Burns' 1933; *Thompson* v. *Thompson* (1921), 75 Ind. App. 415, 130 N. E. 655; *Miller* v. *Miller* (1914), 55 Ind. App. 644, 104 N. E. 588.

Since there were two competent resident witnesses in addition to the witness James, his testimony can be regarded as surplusage and any objection thereto disregarded.

Therefore, the decision of the court with reference to the proof of residence by the testimony of two resident householders is sustained by sufficient evidence and was not contrary to law.

Appellant further contends that the decision of the court was contrary to law, in that in order that the appellee may prevail, she must not only be the injured party but also an innocent party. Appellant claims that there is uncontradicted testimony by the appellant of certain acts of cruel and inhuman treatment. From reading the transcript in this case, it would not be possible or proper for this court to ascertain the facts so as to fix the fault as between the parties. Only the trial court who saw and heard the parties testify can properly do this. Nor do we feel that it would be of any advantage to anyone to narrate the evidence introduced to sustain appellant's allegation of cruel and inhuman treatment. Appellant claims that such testimony of cruel and inhuman treatment was uncontradicted and shows that appellee is not an innocent party and that she is guilty of such misconduct; that she would not be entitled to a decree of divorce, citing: *Eward* v. *Eward* (1919), 72 Ind. App. 638, 125 N. E. 468; *Alexander* v. *Alexander* (1894), 140 Ind. 555, 38 N. E. 855; *Eikenbury* v. *Eikenbury* (1904), 33 Ind. App. 69, 70 N. E. 837.

In *Alexander* v. *Alexander, supra,* there was a finding for the plaintiff on his complaint and a finding for defendant on her cross-complaint for divorce. The judgment of the lower court following such finding was that the parties "be and are hereby divorced." The Supreme Court in reversing such judgment stated: "Before a divorce can be granted there must be found an injured party and a guilty party. Society and the state are interested in upholding the marriage relation,

and the statutory safeguards thrown around it will therefore be strictly insisted upon."

The record in the case at bar shows that there was a finding for the appellee on her complaint and a finding against the appellant on his cross-complaint. This is exactly the opposite situation from the finding which was the basis of the decision in the Alexander case, *supra.*

Apparently, counsel for appellant has been misled by the erroneous reasoning in *Eward* v. *Eward, supra,* which has since been disapproved in the case of *McMurrey* v. *McMurrey* (1936), 210 Ind. 595, 4 N. E. (2d) 540, and referred to with disapproval in *Sostheim* v. *Sostheim* (1940), 218 Ind. 352, 32 N. E. (2d) 699.

The Supreme Court in *Sostheim* v. *Sostheim, supra,* at p. 355 stated: "The interests of society require, as stated in the Eikenbury case, that the trial court inquire into the facts to discover if the complaining party should be denied a divorce because of his own misconduct. . . . But when the trial judge has performed that duty it is not our province to disturb his decision except for errors of law."

This court cannot weigh evidence on appeal, and in *McMurrey* v. *McMurrey, supra,* the Supreme Court of Indiana held that: ". . . in the Eward case, there was a clear weighing of the evidence by the Appellate Court, notwithstanding its insistence that it did not, and that it was not its duty to weigh the evidence."

The alleged evidence of misconduct of the appellee in the present case related to acts of the parties toward each other. There was also evidence before the trial court that at different times the appellant cursed, abused, and struck the plaintiff. The question of the excuse, necessity, or justification of the acts of appellee could

be properly determined by the trial court upon an examination and consideration of all of the evidence. There was a finding against appellant on his cross-complaint alleging cruel and inhuman treatment by appellee.

This court cannot weigh evidence and we are bound by the ruling of the trial court on this evidence offered by appellant, and by its finding the court, in effect, ruled that such alleged acts taken into consideration with all the evidence of the case did not constitute cruel and inhuman treatment of the appellant.

We find no reversible error herein, and the judgment is therefore affirmed.

DRAPER, J., not participating.

NOTE.—Reported in 70 N. E. (2d) 750.