STATE EX REL. MARTIN *v.* EBY, JUDGE OF GIBSON CIRCUIT COURT OF INDIANA

[No. 28,331.   Filed June 30, 1947.]

*Thomas W. Lindsey,* of Evansville, for relator.

A. Dale Eby, *pro se,* for respondent.

YOUNG, J.—This is an original action asking us in effect to mandate the respondent to strike out, vacate and expunge from the record each and every ruling and order, including decree of divorce, judgment for alimony, and order to pay money for support of children, entered in an action for divorce brought by relator's wife against him.

Relator's wife filed her action for divorce against relator in the Vanderburgh Probate Court, summons was issued and served upon the relator as defendant in the divorce proceeding, appearance was entered by relator's attorney, the venue of the action was changed to the Gibson Circuit Court on the application of relator, the case was set for trial, but on the appointed day neither the relator nor his attorney appeared. The prosecuting attorney appeared for the State, trial was had and decree of divorce was entered, together with alimony judgment, and order was made that relator pay for the support of children and a stipulated sum as fee for his wife's attorney. This was done on March 6, 1947, and on April 15, 1947, relator filed in the Gibson Circuit Court his petition to strike, vacate and expunge from the record all the proceedings, orders and judgment theretofore entered in said case and to dismiss same. This motion was overruled by respondent Judge on May 20, 1947, and this original action was thereupon filed in this court.

At the time the original complaint was filed in the divorce proceeding there was also filed by plaintiff her affidavit of residence and occupation required by statute. The sufficiency of this affidavit is not questioned. The complaint itself, however, does not allege any resi-

dence of the plaintiff, and it is relator's contention that the respondent court was without jurisdiction in the divorce action for the sole reason that the petition for divorce did not allege the period of residence required by statute to entitle plaintiff to a divorce.

Section 3-1203, Burns' 1946 Replacement provides that divorces may be decreed on petition by any person who at the time of filing such petition is and shall have been a *bona fide* resident of the State for one year previous to such filing and a *bona fide* resident of the county at the time of and for at least six months immediately preceding such filing, and the statute provides that these facts of residence *shall* be proven by petitioner to the satisfaction of the court by at least two resident householders of the State. The same statute provides that the person shall file with his petition an affidavit sworn to by himself, in which he shall state the length of time he has been a resident of the State and particularly the place in which he has resided for the year last past.

It will be observed that the first part of the statute stipulates residence requirements which shall be proved at the trial, and the second sentence provides that an affidavit of residence *shall* be filed with the clerk of the court when the divorce action is commenced. There is no statutory requirement that the facts of residence shall be pleaded, although, of course, these facts should be averred in the complaint. *Miller* v. *Miller* (1914), 55 Ind. App. 644, 648, 104 N. E. 588; *Powell* v. *Powell* (1876), 53 Ind. 513, 516. Good pleading would require it even though the statute does not make such averments in the complaint mandatory, as it does proof of such facts by two householders and the affidavit of residence.

Beginning with the case of *Smith* v. *Smith* (1916), 185 Ind. 75, 113 N. E. 296, it was held by this court

that a good affidavit of residence is jurisdictional in divorce actions, and that without such affidavit, the court is without authority to entertain such proceedings. However, in the case of *Klepfer* v. *Klepfer* (1933), 204 Ind. 301, 304, 173 N. E. 232, 183 N. E. 797, the doctrine of *Smith* v. *Smith* with reference to the jurisdictional necessity of a good affidavit of residence was repudiated and that case and those cases following it were in substance and effect overruled in that respect. The rule now is that while the filing of affidavit of residence in an action for divorce is mandatory and failure to file such is grounds for reversal, it is no longer held that in the absence of a good affidavit of residence the court is without jurisdiction. *Klepfer* v. *Klepfer, supra; Moss* v. *Moss* (1935), 209 Ind. 12, 15, 197 N. E. 894; *Evans* v. *Evans* (1939), 107 Ind. App. 127, 23 N. E. (2d) 270; *Kleppe* v. *Kleppe* (1937), 103 Ind. App. 405, 408, 8 N. E. (2d) 93. If the mandatory language of the statute with reference to affidavit of residence does not make the filing of such affidavit jurisdictional, then certainly the language of the statute simply stipulating residence requirements does not make the pleading of such facts of residence jurisdictional. It is true that a person is not entitled to a divorce in Indiana unless he be a resident of Indiana for the period named in the statute and without such allegations the complaint would not be good against demurrer, but failing to demur the insufficiency could be cured by the evidence. There is no allegation in the petition for mandate that there was no evidence at the trial of the divorce case of the necessary residence in the manner required by statute, or that in fact the plaintiff in the divorce action had not been a resident of Indiana for the period prescribed by the statute, and in absence of such allegation we may indulge the pre-

sumption that there was such evidence. *Evans* v. *Evans, supra,* at page 133.

Relator cites the case of *Hetherington* v. *Hetherington* (1928), 200 Ind. 56, 160 N. E. 345. In that case it is stated that, "A petition for a divorce stating one or more of the statutory grounds therefor, without a showing of residence in compliance with the statute (Sec. 1097 Burns' 1926) is insufficient to give the court jurisdiction of the subject matter of the action." In that case, however, the question involved was the affidavit of residence and not the contents of the complaint, and all of the cases cited to support the quoted language were cases which involved only the affidavit of residence and none of which involved the sufficiency of the complaint or the failure of the complaint to contain allegations of residence. It is obvious from the context that the court did not intend to hold, and did not hold, that a petition for divorce must contain allegations of residence in order for the court to have jurisdiction where a proper affidavit of residence as required by the statute has been filed.

We hold in the case before us that the failure of the plaintiff in the divorce case to allege in her complaint the statutory facts of residence did not deprive the court of jurisdiction. Such failure would have made the complaint insufficient on demurrer, and if there had been no proof of such residence, such failure could have been presented by a motion for a new trial and when brought to this court upon appeal would have been grounds for reversal.

Mandate denied.

Note.—Reported in 73 N. E. (2d) 767.