DAVIDSON *v.* DAVIDSON

[No. 17,957. Filed March 13, 1950. Rehearing denied April 20, 1950.]

*Garvin, Ging & Graber,* of Indianapolis, for appellant.

*James M. Dawson;* and *Arch N. Bobbitt* (of counsel), both of Indianapolis, for appellee.

WILTROUT, J.—Appellee was granted an absolute divorce from appellant, and this appeal followed. Appellant assigns as error the overruling of her motion for a new trial.

Appellant urges that appellee did not meet the requirements of the statute as to proof of residence by at least two witnesses who are resident householders of the state. Section 3-1203, Burns' 1946 Replacement. Such proof of residence does not appear in the bill of exceptions. It is certified that the bill of exceptions contains all of the evidence.

The order book entries recite that evidence was heard on October 24, 1947, and on four later dates. The bill of exceptions recites that evidence was heard on the four later dates only. Appellee takes the position that upon this state of the record we must assume that evidence was heard on October 24, 1947, which evidence is not in the bill of exceptions.

It is the general rule that a bill of exceptions imports absolute verity. "If a matter must be shown by a bill of exceptions the recitals of the bill which operates to bring the facts distinctly to the attention of the judge who signs it will control a conflicting recital contained in a prior order book

entry." *Indianapolis Dairymen's Co-Op.* v. *Bottema* (1948), 226 Ind. 260, 79 N. E. 2d 409. See also: *Avery* v. *Nordyke & Marmon Co.* (1905), 34 Ind. App. 541, 70 N. E. 888. From this state of the record we must assume that all the evidence is contained in the bill of exceptions.

There was a failure of the statutory proof as to appellee's residence. Such proof is mandatory and a failure thereof requires a reversal of the judgment. *State ex rel. Martin* v. *Eby, Judge* (1947), 225 Ind. 283, 73 N. E. 2d 767; *Adkins* v. *Adkins* (1947), 117 Ind. App. 189, 70 N. E. 2d 750; *Berghean* v. *Berghean* (1943), 113 Ind. App. 412, 48 N. E. 2d 1001.

Judgment reversed, with instructions to sustain appellant's motion for new trial and for further proceedings not inconsistent with this opinion.

NOTE.—Reported in 90 N. E. 2d 821.

## ON PETITION FOR REHEARING

Appellee accompanies his petition for rehearing with a petition for a writ of certiorari to have the clerk of the court below certify to this court a special bill of exceptions, as well as a petition to withdraw the transcript in order that the special bill of exceptions may be incorporated therein.

The petition for rehearing makes no objection to our decision as based upon the record before us.

"The rule has been long established that this court will not grant a rehearing to enable a party to correct or perfect a record." *Smith* v. *Gustin* (1907), 169 Ind. 42, 52, 80 N. E. 959, 81 N. E. 722; *The Board of Commissioners of Marion County* v. *Center Township et al.* (1886), 105 Ind. 422, 444, 2

N. E. 368, 7 N. E. 189; *The State* v. *Dixon* (1884), 97 Ind. 125; *Robbins et ux.* v. *Magee et al.* (1884), 96 Ind. 174.

In *Drake* v. *The State* (1896), 145 Ind. 210, 218, 41 N. E. 799, 44 N. E. 188, the following is quoted from Judge Elliott's work on Appellate Procedure, § 208: "The rule is well settled that amendments will not be permitted after the decision on appeal. The duty of parties is to see that the record is properly made up, and if they fail to move promptly in securing a correction or amendment, where amendments or corrections are necessary to make a perfect record or fully present the questions, their complaint will not be heeded. It is incumbent upon the party desiring the amendment or corrections to take the necessary steps to secure it before the record is finally acted upon, and he must see that the officers of whom duties are required perform those duties."

In the case of *First Merchants Nat. Bank* v. *Crowley* (1943), 221 Ind. 682, 686, 50 N. E. 2d 918, the Supreme Court quotes the following from the earlier case of *Warner et al.* v. *Campbell et al.* (1872), 39 Ind. 409:

"It has not been the practice of this court to grant a rehearing that the record may be amended. Such a practice could not be allowed. It is not the practice in any court to allow a new trial or a rehearing, merely that the party may amend his pleadings and present the case in a new form. We should make little progress in the business on the docket of the court, should we allow such a practice."

It follows that the petition for rehearing as well as the petition for writ of certiorari and to withdraw the transcript must be, and they hereby are, denied.

Note.—Reported in 91 N. E. 2d 796.