## Thompson *v.* Thompson.

[No. 10,839.   Filed April 22, 1921.]

Divorce.—*Proof of Residence.—Evidence.—Sufficiency.—Statute.* —In an action for divorce, the testimony of plaintiff, a resident freeholder and householder, showing that at the time of the commencement of the action she was, and for more than two years immediately prior thereto had been a *bona fide* resident of the county and state, when supplemented by the testimony of one other competent witness to the same effect, is sufficient to show residence within the requirements of §1066 Burns 1914, §1031 R. S. 1881, in view of §519 Burns 1914, §496 R. S. 1881, making all parties and persons interested competent witnesses in civil actions.

From Howard Circuit Court; *Charlton Bull,* Special Judge.

Action by Mary E. Thompson against Samuel L. Thompson. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Fred J. Beyers, Joe Cripe* and *Joseph C. Herron,* for appellant.

*B. F. Harness* and *Forest A. Harness,* for appellee.

McMAHAN, J.—Complaint by appellee for divorce. From a decree in favor of appellee, appellant appeals and contends that the decision of the court is not sustained by sufficient evidence.

The first contention is that appellee failed to prove her residence for the statutory period of time, by two resident freeholders and householders in this state as required by §1066 Burns 1914, §1031 R. S. 1881.

Two witnesses, each of whom were resident freeholders and householders, testified concerning the residence of appellee. Both of them had known appellant and appellee for many years. One of them testified that appellee had lived in Howard county more than fifteen years. The other witness testified that she had resided in Howard county during the last two years.

The action was commenced June 14, 1919. The cause was tried January 14, 1920. The testimony of the second witness was not sufficient to prove residence for two years prior to the commencement of the action. There was a period of six or seven months of the two-year period where but one qualified witness had testified to appellee's residence.

Appellee testified in her own behalf. The evidence shows that she was a resident freeholder and householder. Section 519 Burns 1914, §496 R. S. 1881, provides, "All persons, whether parties to or interested in the suit, shall be competent witnesses in a civil action

or proceeding, except as otherwise provided." And we hold on authority of *Miller* v. *Miller* (1914), 55 Ind. App. 644, 104 N. E. 588, that where the testimony of the plaintiff, she being a resident householder and free-holder, in an action for a divorce, shows that at the time of commencing the action she was and for more than two years immediately prior thereto had been a *bona fide* resident of the county and state, when supplemented by the testimony of one other competent witness to the same effect, is sufficient to show residence within the requirements of §1066, *supra.*

While plaintiff did not testify directly and specifically that she was a householder at the time of the trial, the facts as disclosed by the record are sufficient to sustain a finding that she was at that time a competent witness to prove residence.

Appellant also contends that the evidence does not show a separation of the parties and that it show condonation on the part of appellee. A consideration of these questions require the weighing of the evidence. We have examined the evidence and are satisfied that it is sufficient to sustain the decision of the trial court.

There was no error in overruling the motion for a new trial. Judgment affirmed.